**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RACHEL ROJANSKI and ADAM TELLER,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY and CHRISTINA PAXSON,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>REMOVED FROM THE SUPERIOR COURT OF PROVIDENCE AND BRISTOL COUNTIES, STATE OF RHODE ISLAND,<br>C.A. No. PC-2019-4330 |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Brown University ("Brown") and Christina Paxson ("Paxson") (jointly, "Defendants"), by and through their attorneys, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, file this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Superior Court of Providence and Bristol Counties, State of Rhode Island, Civil Action No. PC-2019-4330. In support of their Notice of Removal, Defendants state as follows:

## BACKGROUND AND TIMELINESS

1. On or about March 28, 2019, Plaintiffs, Rachel Rojanski and Adam Teller (jointly, "Plaintiffs"), filed their Complaint in the Superior Court of Providence and Bristol Counties, State of Rhode Island.

2. Plaintiffs served Brown with a summons in this action on or about April 8, 2019.

3. Plaintiffs served Paxson with a summons in this action on or about April 8, 2019.

4. Because Defendants have filed this Notice of Removal within thirty (30) days of receiving service of process, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

56307008v.3

5. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiffs' Summons from the state court action served upon Brown and upon Paxson are attached hereto as Exhibits 1 and 2, respectively. A true and accurate copy of the Complaint is attached hereto as Exhibit 3. These documents constitute all "process, pleadings, and orders" served on Defendants in the state court action seeking recovery against them.

6. Brown is an institute of higher learning located in Providence, Rhode Island. Paxson is the President of Brown. *See* Compl., ¶ 4. Rojanski is a Senior Lecturer of Judaic Studies and an Associate Professor of History at Brown. *Id.* ¶ 1. Teller, Rojanski's husband, is a Professor of Judaic Studies and Professor of History at Brown. *Id.* ¶ 2. According to Plaintiffs' Complaint, Brown entered into a contract with Teller in which it agreed to, among other things, "give Professor Rojanski promotion and tenure subject to Brown's normal process." *Id.* ¶¶ 56-59. The Complaint alleges that Brown breached the contract by "unilaterally blocking" Rojanski's tenure and promotion, *id.* ¶ 61, causing "substantial damages" to Teller, *id.* ¶¶ 62. The Complaint further alleges that Rojanski is a third-party beneficiary of the alleged contract between Brown and Teller, and that she also suffered damages as a result of Brown's purported breach. *Id.* ¶¶ 63-69. The Complaint also sets forth counts alleging promissory estoppel, unjust enrichment, and fraud. *Id.* ¶¶ 70-91. Finally, the Complaint alleges that Brown engaged in "age discrimination" against Rojanski and refused to promote her to a tenured position because she is 67 years old, in violation of the federal Age Discrimination in Employment Act (29 U.S.C. § 621, *et seq.*), the Rhode Island Fair Employment Practices Act, and the Rhode Island Civil Rights Act. *Id.* ¶¶ 92-103.

7. Rajonski seeks an Order of the Court "award[ing] her promotion and tenure." *Id.* at p. 14, WHEREFORE clause. Plaintiffs further seeks "compensatory damages, consequential

2

damages, attorneys' fees, costs, prejudgment interest, equitable relief, and all other damages this court finds just and mete." *Id.*

## JURISDICTION

8. A civil action brought in a state court, of which the federal district court has original jurisdiction, may be removed by a defendant. 28 U.S.C. § 1441(a). The federal district courts have original jurisdiction over civil actions arising under, *inter alia*, the laws of the United States. 28 U.S.C. § 1331. Here, the Court has original jurisdiction over Rojanski's claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the "ADEA") asserted in Count Six of the Complaint. *See* Compl. at 13-14, "Count Six Age Discrimination" (asserting federal claim under the ADEA and state law claims under the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act). Thus, the meaning, applicability, and requirements of the ADEA are at issue in this litigation, and Rojanski's age discrimination claim "arises" under federal law and may be removed pursuant to 28 U.S.C. § 1441(a).

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims asserted in the Complaint. 28 U.S.C. § 1367(a) provides, in pertinent part, that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action with such with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Claims over which a federal court has supplemental jurisdiction may be removed pursuant to 28 U.S.C. § 1441(a). Here, Plaintiffs' remaining state law claims arise out of the same alleged facts, namely, Brown's purported failure to promote Rojanski to a tenured position. Thus, each one of Plaintiffs' claims is part of the same case or controversy. Accordingly, this Court has supplemental

jurisdiction over Plaintiffs' state law claims, and they may be removed pursuant to 28 U.S.C. § 1441(a).

**VENUE AND NOTICE**

10. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 101, this Court embraces the Superior Court of Providence and Bristol Counties in the State of Rhode Island. Accordingly, this Court is the appropriate venue for removal of this action. *See* 28 U.S.C. § 1441(a).

11. Prompt written notice of this Notice of Removal will be served on Plaintiffs through their counsel and filed with the Clerk of Court for the Superior Court of Providence and Bristol Counties, State of Rhode Island, as required by 28 U.S.C. § 1446(d). A copy of the state court notice (without exhibits) is attached hereto as Exhibit 4.

**CONCLUSION**

12. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; therefore, the Court properly may exercise jurisdiction over this lawsuit. *See* 28 U.S.C. §§ 1441(a).

13. Brown and Paxson submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pleaded claims upon which relief can be granted, and without admitting that Plaintiffs are entitled to any relief whatsoever (or that the relief it seeks may properly be sought).

WHEREFORE, Defendants Brown University and Christina Paxson submit that this action is removable based on federal question jurisdiction and respectfully request that the state court action titled *Rachel Rojanski and Adam Teller. v. Brown University and Christina Paxson*, C.A.

No. PC-2019-4330, pending in Providence and Bristol County Superior Court in the State of Rhode Island, be removed to the United States District Court for the District of Rhode Island.

        Respectfully submitted,

        Defendants

        BROWN UNIVERSITY and
        CHRISTINA PAXSON,

        By their Attorneys,

        */s/ Michael E. Jusczyk*
        Michael E. Jusczyk (#7791)
        SEYFARTH SHAW LLP
        Two Seaport Lane, Suite 300
        Boston, MA 02210-2028
        Tel: (617) 946-4800
        Fax: (617) 946-4801
        mjusczyk@seyfarthshaw.com

Dated: April 18, 2019

## CERTIFICATE OF SERVICE

      I hereby certify that on April 18, 2019, I filed this document through this Court's electronic filing system and served this document on Plaintiff through electronic and US mail at the following address:

Chip Muller, Esq.
Muller Law, LLC
47 Wood Avenue
Barrington, RI 02806
chip@mullerlaw.com

                                      */s/ Michael E. Jusczyk*
                                      Michael E. Jusczyk

56307008v.3