# EXHIBIT 3

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 1:43 PM
Envelope: 1992627
Reviewer: Alexa G.

| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, SC. | SUPERIOR COURT |

RACHEL ROJANSKI and
ADAM TELLER, *Plaintiffs*,

v.     C.A. No. _____

BROWN UNIVERSITY and
CHRISTINA PAXSON,
*Defendants*.

# COMPLAINT

**I.      PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Rachel Rojanski is a Massachusetts resident, a Senior Lecturer of Judaic Studies at Brown University, and an Adjunct Professor of History at Brown.

2. Plaintiff Adam Teller, Professor Rojanski's husband, is also a Massachusetts resident, a Professor of Judaic Studies, and a Professor of History at Brown.

3. Defendant Brown University ("Brown") is a Rhode Island corporation.

4. Defendant Christina Paxson is the President of Brown.

5. This Court has jurisdiction over this matter pursuant to R.I. Gen. Laws § 8-2-14.

6. Venue is proper in this court according to R.I. Gen. Laws § 9-4-4.

7. Most, if not all, of the events detailed in this Complaint occurred in Providence, Rhode Island.

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 5:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 3 of 17 PageID #: 19

## II.   FACTS

8. All allegations above and below are incorporated here by reference as if restated here in full.

9. Professors Teller and Rojanski joined Brown on July 1, 2010. Before coming to Brown both were Associate Professors at the University of Haifa, Israel.

10. In April 2010, Brown offered Professor Teller the position of Associate Professor with tenure. Brown told Professor Teller that if Professor Teller took the position, Professor Rojanski would be offered a three-year visiting position at the rank of Associate Professor and would then be put up for tenure.

11. Professors Teller and Rojanski believed this promise and, on its basis, resigned from their positions in Israel and came to Brown.

12. Eventually, it became evident that Brown was not going to keep its promise of promoting Professor Rojanski and putting her up for tenure at that time.

13. In an effort to remedy this situation, Professor Maud Mandel, then Chair of the Program in Judaic Studies, negotiated an appointment for Professor Rojanski as a Senior Lecturer in Judaic Studies and as adjunct Professor of History. Professor Mandel knew that the position of Senior Lecturer, very frequently used for language teachers with no Ph.D., did not reflect Professor Rojanski's ability and accomplishments, but could do nothing more at that time.

14. The next Chair of Judaic Studies, Professor Saul Olyan, was also very supportive of finding a way to put Professor Rojanski up to tenure and discussed it with the Dean of Faculty ("DOF"), Kevin McLaughlin.

2

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 5:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 4 of 17 PageID #: 20

15. On December 16, 2015, after talking to Dean McLaughlin, Professor Olyan informed Professor Rojanski that since Judaic Studies did not have an open faculty position for a tenured professor, it would not be possible to put her up for tenure, and that she would have to wait for another professor to leave the program.

16. In December 2016, Plaintiff Adam Teller informed Professor Olyan that Professor Teller had been selected as a finalist in a search for a prestigious professorship in Jewish History at the Hebrew University of Jerusalem.

17. Dean McLaughlin informed Professor Teller that Brown wanted to retain Professor Teller.

18. In January, 2017, Dean McLaughlin, on behalf of Brown, agreed to give certain benefits to Professor Teller in exchange for his promise to remove himself from consideration for employment by Hebrew University, and to stay as a professor at Brown.

19. Dean McLaughlin, on behalf of Brown, offered Professor Teller an increased salary.

20. Dean McLaughlin, on behalf of Brown, offered Professor Teller to give Professor Rojanski a promotion with tenure within Judaic Studies.

21. These offers were memorialized in a letter from Dean McLaughlin to Professor Teller dated January 13, 2017 ("January 13 Offer").

22. According to the January 13 Offer, Brown "agreed to allow Judaic Studies to create an extra tenured faculty position on its roster to be occupied by" Professor Rojanski "at the rank of Associate Professor with tenure . . . ."

23. According to the January 13 Offer, Brown promised that Professor Rojanski's promotion to Associate Professor with tenure would be conditional on Professor

3

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 5:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 5 of 17 PageID #: 21

Rojanski's undergoing "a successful tenure review conducted by Judaic Studies in keeping with the <u>normal process</u>." (Emphasis added).

24. Professor Teller accepted Brown's January 13 Offer ("January Agreement"), removed himself from consideration for employment at Hebrew University, and continued work at Brown under the terms of the January Agreement.

25. On January 24, 2017, the Judaic Studies tenured faculty voted in favor of starting Professor Rojanski's tenure review according to the January Agreement.

26. In April, 2017, Professor Olyan established a tenure committee including Professors Mary Gluck and Maud Mandel, which Professor Olyan chaired.

27. Professor Rojanski provided the committee members with her academic dossier, including her CV, all her publications, teaching reviews, reports on service to the University and the profession, and a description of her current and future research.

28. The tenure committee solicited letters from eight leading scholars in her field containing reviews of Professor Rojanski's research.

29. By early September, all the information the tenure review committee needed had been received, and on its basis the committee wrote a positive and supportive report, recommending that Brown promote Professor Rojanski to Associate Professor with tenure.

30. On October 19, 2017, the tenured faculty of the Judaic Studies program met and voted unanimously in favor of Rojanski's promotion to Associate Professor with tenure.

31. According to Brown's normal process of tenure review, the recommendation was then sent to the Brown's Tenure, Promotion and Appointment Committee ("TPAC").

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 5:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 6 of 17 PageID #: 22

32. On November 8, 2017, TPAC discussed Rojanski's case and voted in favor of her promotion to Associate Professor with tenure.

33. Next, and according to Brown's normal process of tenure review, the case went to Brown's Provost Professor Richard Lock, for his consideration.

34. On November 20, 2017, Provost Lock approved TPAC's recommendation.

35. In his letter to defendant Paxson, the Provost noted Professor Rojanski's "important first book" and the fact that "the referee letters are strong."

36. He concluded, "I support TPAC's recommendation to promote Professor Rojanski from Senior Lecturer to Associate Professor with tenure."

37. After receiving Provost Lock's letter, Defendant Paxson decided to block promotion and tenure for Dr. Rojanski.

38. This was a deviation from usual practice. It is extremely unusual for the President to interfere in the faculty's tenure process.

39. In an unprecedented move, Defendant Paxson appeared before TPAC on December 6 to discuss Rojanski's case and to convince them that their positive vote had been a mistake.

40. Defendant Paxson then left the meeting and Dean Mclaughlin asked TPAC to vote for renewing Professor Rojanski's appointment as a Senior Lecturer for another six years in lieu of promotion and tenure.

41. Under Brown's own rules, Defendant Paxson submitted her decision blocking tenure for Professor Rojanski to the University's Committee on Faculty Equity and Diversity ("CFED") for review. CFED submitted its report to the President on December 5, 2018.

5

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 5:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 7 of 17 PageID #: 23

42. In its report, the CFED criticized Brown for not providing Professor Rojanski with sufficient opportunities for professional development prior to tenure review.

43. In a letter to Professor Rojanski dated December 9, 2017, Defendant Paxon informed Professor Rojanski that she had refused to accept the recommendation of TPAC that Professor Rojanski be granted tenure and promotion.

44. In the letter, she alluded to CFED's report but determined that its concerns, "did not produce findings that would justify a reconsideration of the case."

45. Defendant Paxson approved TPAC's recommendation that Professor Rojanski be reappointed for a six-year term as senior lecturer.

46. On January 22, 2018, Professor Rojanski was diagnosed with breast cancer. She had surgery in February, chemotherapy and biological treatment until early August, 2018, and radiation therapy over September and October, 2018. Her biological treatment continues until May, 2019.

47. In June 2018, while still fighting cancer and undergoing debilitating chemotherapy, Professor Rojanski appealed Defendants' decision to Brown University's internal Committee on Grievance ("COG").

48. The COG offered mediation between the parties which was refused by Defendant Paxson.

49. The COG conducted a thorough investigation of Professor Rojanski's promotion process.

50. In a report dated September 14, 2018, the COG wrote that it was "deeply troubled by the circumstances under which" Professor Rojanski had been put up for tenure.

6

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 5:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 8 of 17 PageID #: 24

51. The COG wrote that Defendants "egregiously" failed to give Professor Rojanski the professional development opportunities given to virtually all other professors prior to a tenure review.

52. The COG discussed Defendant Paxson's reference to CFED's decision which Defendant Paxson had asserted did not produce findings to justify a reconsideration of her refusal to grant Professor Rojanski tenure. The COG emphasized that "it strongly disagrees with the President on that matter."

53. The COG's members– all of them tenured Professors, some of whom had served on TPAC in the past--thought Professor Rojanski worthy of tenure.

54. On March 15, 2019, the Rhode Island Commission for Human Rights issued a notice of right to sue under the Rhode Island Fair Employment Practices Act. On March 7, 2019, the Equal Employment Opportunity Commission issued a notice of right to sue under Age Discrimination in Employment Act.

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 5:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 9 of 17 PageID #: 25

### III. CLAIMS

### COUNT ONE
### BREACH OF CONTRACT
### (Teller v. Brown)

55. Plaintiffs repeat and incorporate by reference all allegations above and below as if restated here in full.

56. According to the parties' January Agreement, Brown agreed to provide certain benefits to Professor Teller if he withdrew his name from consideration for employment at Hebrew University and remained at Brown.

57. Brown agreed to give Professor Teller a raise.

58. Brown agreed to give Professor Rojanski promotion and tenure subject to Brown's normal process.

59. Brown's promises are documented in the January 13 Offer.

60. Brown's promise of benefits to Professor Teller were material terms of its January Agreement with Professor Teller.

61. By unilaterally blocking the faculty's and the Provost's approval of Professor Rojanski's tenure and promotion, which had occurred through the "normal process," Brown materially breached its January Agreement with Professor Teller.

62. Brown's refusal to approve Professor Rojanski for tenure via the normal process caused Professor Teller substantial damages for which Defendant Brown is liable.

WHEREFORE Plaintiff Adam Teller asks this Honorable court to award Professor Rojanski promotion and tenure. Plaintiff Adam Teller asks this Honorable Court to award him compensatory damages, consequential damages, attorneys' fees, costs, prejudgment interest, equitable relief, and all other damages this Court finds just and mete.

8

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 9:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 10 of 17 PageID #: 26

# COUNT TWO
# BREACH OF CONTRACT
## Third-Party Beneficiary
## (Rojanski v. Brown)

63. Plaintiffs repeat and incorporate by reference all allegations above and below as if restated here in full.

64. Professor Rojanski was an intended third-party beneficiary of Brown's January Agreement with Professor Teller.

65. In the January Agreement, Brown promised to provide benefits to Professor Rojanski.

66. Brown's promises of benefits to Professor Rojanski were material terms in the January Agreement.

67. Brown's blocking of Professor Rojanski tenure and promotion after faculty and Provost approval in the normal process was a material breach of the January Agreement, in which Professor Rojanski was an intended beneficiary.

68. By blocking tenure, Brown did irreparable damage to Professor Rojanski's academic career. Since it is the academic custom to specify the rank of an author or speaker when they present material, Brown has effectively blocked Professor Rojanski from participating in the academic world. Every time she publishes or otherwise presents her research, she now appears as someone who has been denied tenure – a humiliation.

69. Brown's failure to approve Professor Rojanski for tenure and promotion in the normal process caused Professor Rojanski damages for which Brown is liable.

WHEREFORE Plaintiff Rachel Rojanski asks this Honorable Court to award her promotion and tenure. Plaintiffs ask this Honorable Court to award them compensatory

9

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 3:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 11 of 17 PageID #: 27

damages, consequential damages, attorneys' fees, costs, prejudgment interest, equitable relief, and all other damages this Court finds just and mete.

## COUNT THREE
## PROMISSORY ESTOPPEL
### (Teller & Rojanski v. Brown)

70. Plaintiffs repeat and incorporate by reference all allegations above and below as if restated here in full.

71. Brown made a promise of future benefits to Professor Teller and Professor Rojanski.

72. Brown made its promises to Professor Teller and Professor Rojanski knowing that Professors Teller and Rojanski would forgo material opportunities in reliance on Brown's promise of future benefits to them.

73. After Brown made promises to Professor Teller and Professor Rojanski, Plaintiffs in fact gave up material opportunities in reliance on Brown's promises, to their detriment.

74. Thereafter, Brown reneged on its promises to Professor Teller and Professor Rojanski causing damages to Plaintiffs.

75. Brown is liable to Professor Teller and Professor Rojanski for the full amount of all benefits that the Plaintiffs forwent in detrimental reliance on Brown's promises to them.

WHEREFORE Plaintiff Rachel Rojanski asks this Honorable Court to award her promotion and tenure. Plaintiffs ask this Honorable Court to award them compensatory damages, consequential damages, attorneys' fees, costs, prejudgment interest, equitable relief, and all other damages this Court finds just and mete.

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 3:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 12 of 17 PageID #: 28

# COUNT FOUR
## UNJUST ENRICHMENT
### (Teller & Rojanski v. Brown)

76. Plaintiffs repeat and incorporate by reference all allegations above and below as if restated here in full.

77. By agreeing to stay as a professor at Brown and not to take the opportunity at Hebrew University, Professor Teller conferred a benefit upon Brown.

78. By agreeing to stay as a professor at Brown and not to pursue employment opportunities at other universities, Professor Rojanski conferred a benefit upon Brown.

79. It would be unjust under the circumstances for Brown to retain these benefits without compensating the Plaintiffs.

80. Brown is liable to Professor Rojanski and Professor Teller for the full amount of the benefits they conferred upon Brown by staying at Brown and not taking employment opportunities at other universities.

WHEREFORE Plaintiff Rachel Rojanski asks this Honorable Court to award her promotion and tenure. Plaintiffs ask this Honorable Court to award them compensatory damages, consequential damages, attorneys' fees, costs, prejudgment interest, equitable relief, and all other damages this Court finds just and mete.

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 3:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 13 of 17 PageID #: 29

# COUNT FIVE
# FRAUD
### (Teller and Rojanski v. Brown and Paxson)

81. Plaintiffs repeat and incorporate by reference all allegations above and below as if restated here in full.

82. Upon information and belief, Defendant Paxson knew or had reason to know of the January Agreement and approved it. Defendant Paxson knew about Brown's policy and practice discouraging tenure for older scholars and was aware that this policy and practice would be applied to Professor Rojanski.

83. Brown and Paxson represented to Professors Teller and Rojanski that if Plaintiffs remained employed by Brown and did not seek employment at another university, Brown would promote Professor Rojanski through its "normal process."

84. Upon information and belief, when Brown and Paxson made these promises to Professors Teller and Rojanski, the Defendants knew their promise was false, or made the promise with reckless disregard to its truth.

85. When Brown and Paxson made these promises to Professors Teller and Rojanski, the Defendants intended to deceive Plaintiffs to induce them to stay employed by Brown and not to pursue employment by another university.

86. Defendant Paxson overturned the faculty's decision to promote Professor Rojanski despite the fact that the faculty's decision to promote Professor Rojanski and give her tenure was reached on the basis of reports submitted by experts in the field and unanimous approval of the Judaic Studies faculty.

87. Defendant Paxson has no knowledge of, or experience in, the field of Judaic Studies.

12

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 3:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 14 of 17 PageID #: 30

88. In the last 15 years, there has not been even one case in which Brown's president has blocked tenure for a candidate who has been approved for tenure in every step of Brown's normal tenure review process.

89. Professors Teller and Rojanski in fact relied on Defendants' false promises in deciding to forgo opportunities at other universities and to stay at Brown instead.

90. Plaintiff's reliance on Brown's and Paxson's promises was reasonable under the circumstances.

91. Professors Teller and Rojanski suffered damages as a result of their reliance on Defendants' false representations, for which Defendants are jointly and severally liable.

WHEREFORE Plaintiff Rachel Rojanski asks this Honorable Court to award her promotion and tenure. Plaintiffs ask this Honorable Court to award them compensatory damages, consequential damages, attorneys' fees, costs, prejudgment interest, equitable relief, and all other damages this Court finds just and mete.

## COUNT SIX
## AGE DISCRIMINATION
### Age Discrimination In Employment Act
### Rhode Island Fair Employment Practices Act
### Rhode Island Civil Rights Act
### (Rojanski v. Brown and Paxson)

92. Plaintiffs repeat and incorporate by reference all allegations above and below as if restated here in full.

93. Under Defendant Paxson's leadership, Paxson and Brown have publicly expressed a preference for younger faculty and expressed displeasure at the aging of Brown's faculty.

13

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 9:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 15 of 17 PageID #: 31

94. Brown established retirement incentives for faculty to "ensure appropriate turnover and revitalization of the faculty ranks and to enhance [its] ability to bring to Brown excellent scholars and teachers with new and different cutting-edge expertise."

95. In 2013, Brown lamented that it had too many older professors choosing not to retire, so it established an additional retirement incentive for older professors.

96. In 2014, Defendant Paxson highlighted Brown's plans to phase out tenured faculty over the age of 65 from full-time work before retirement as part of a larger push to decrease the number of tenured faculty over the age of 65.

97. In May, 2018, Brown bragged that it had "widened the pipeline of young scholars on track for tenured positions and greatly expanded the number of new graduate students from" historically underrepresented groups.

98. Professor Rojanski is 67 years old.

99. Professor Rojanski is qualified for promotion to the rank of Associate Professor of Judaic Studies at Brown.

100. Professor Rojanski is qualified to receive tenure from Brown and passed Brown's tenure normal review process successfully.

101. By refusing to promote Professor Rojanski to the rank of Associate Professor, and by denying Professor Rojanski tenure, Defendants have taken a materially adverse action against Professor Rojanski.

102. Defendant Brown and Defendant Paxson refused to promote Professor Rojanski and refused to grant Professor Rojanski tenure because she is 67 years old.

103. Defendants' actions have caused Professor Rojanski damages for which Defendants are jointly and severally liable.

14

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 9:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 16 of 17 PageID #: 32

WHEREFORE Plaintiff Rachel Rojanski asks this Honorable Court to award her promotion and tenure. Plaintiffs ask this Honorable Court to award them compensatory damages, consequential damages, attorneys' fees, costs, prejudgment interest, equitable relief, and all other damages this Court finds just and mete.

*Respectfully*,
RACHEL ROJANSKI and
ADAM TELLER
By Their Attorneys,


 /s/ Chip Muller
Chip Muller, Esq. (#7686)
Muller Law, LLC
47 Wood Avenue
Barrington, RI  02806
(401) 256-5171 (ph.)
(401) 256-5178 (fax)
chip@mullerlaw.com

Dated:   March 28, 2019

15

Case Number: PC-2019-4330
Filed in Providence/Bristol County Superior Court
Submitted: 3/28/2019 3:43 PM
Envelope: 1992627
Reviewer: Alexa G.

Case 1:19-cv-00193-JJM-PAS   Document 1-3   Filed 04/18/19   Page 17 of 17 PageID #: 33

| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, SC. | SUPERIOR COURT |
| RACHEL ROJANSKI and<br>ADAM TELLER, *Plaintiffs*, | |
| v. | C.A. No. _____ |
| BROWN UNIVERSITY and<br>CHRISTINA PAXSON,<br>*Defendants*. | |

## JURY DEMAND

Plaintiffs demand a trial by jury for all counts so triable and designates Chip Muller as lead counsel.

Plaintiffs,
RACHEL ROJANSKI and
ADAM TELLER,
By Their Attorney,

/s/Chip Muller_____
Chip Muller, Esq. (#7686)
Muller Law, LLC
47 Wood Avenue
Barrington, RI 02806
(401) 256-5171 (ph.)
(401) 256-5025 (fax)
chip@mullerlaw.com